Serial: 262218

IN THE SUPREME COURT OF MISSISSIPPI

No. 2023-DR-00503-SCT

**FILED**

JUN 12 2026

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

*ANTHONY CARR*                                                                 *Petitioner*

*v.*

*STATE OF MISSISSIPPI*                                                      *Respondent*

## EN BANC ORDER

Before the en banc Court are Anthony Carr's Motion for Leave to File Successive Petition, the State of Mississippi's Motion to Dismiss, and Carr's Reply.

Carr was sentenced to death for his part in the brutal murders of Carl and Bobbie Jo Parker; their twelve-year-old son, Gregory; and their nine-year-old daughter, Charlotte. *Carr v. State (Carr I)*, 655 So. 2d 824, 830, 832 (Miss. 1995). We affirmed. *Id.* at 858. And the Supreme Court of the United States denied certiorari. *Carr v. Mississippi*, 516 U.S. 1076, 116 S. Ct. 782, 133 L. Ed. 2d 733 (1996).

Years later, the Supreme Court held that the Federal Constitution's Eighth Amendment prohibits executing offenders who are intellectually disabled. *Atkins v. Virginia*, 536 U.S. 304, 321, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002). Based on *Atkins*, we granted Carr leave to seek post-conviction relief in the trial court. *Carr v. State (Carr II)*, 873 So. 2d 991, 1007 (Miss. 2004).

The trial court held an *Atkins* hearing and denied relief. *Carr v. State (Carr III)*, 196 So. 3d 926, 929 (Miss. 2016). But because the trial court applied an incorrect standard, we reversed and remanded. *Id.* at 943.

On remand, the trial court revised its order and, again, denied relief. *Carr v. State (Carr IV)*, 283 So. 3d 18, 20 (Miss. 2019). We affirmed. *Id.* at 28. And the Supreme Court denied certiorari. *Carr v. Mississippi*, 591 U.S. 1004, 141 S. Ct. 138, 207 L. Ed. 2d 1081 (2020).

In September 2020, Carr petitioned the United States District Court for the Northern District of Mississippi for habeas relief. Initial Pet. for Writ of Habeas Corpus by a Person in State Custody, *Carr v. Cain*, No. 3:19-CV-274-DMB (N.D. Miss. Sept. 14, 2020) (ECF No. 12). More than two years later, the district court stayed habeas proceedings to permit Carr to return here and assert his claim that "*Atkins* counsel rendered ineffective assistance of counsel." Op. and Order, *Carr v. Cain*, No. 3:19-CV-274-DMB, at **3, 8 (N.D. Miss. Dec. 6, 2022) (ECF No. 47); *see also* Op. and Order, *Carr v. Cain*, No. 3:19-CV-274-DMB, at *6 (N.D. Miss. Feb. 23, 2023) (ECF No. 57) (denying reconsideration).

In April 2023, Carr noticed his intent to file a successive post-conviction application. As proceedings were pending here, the State moved the federal district court to lift the federal habeas stay based on *Ronk v. State*, 391 So. 3d 785 (Miss. 2024). Respondents' Second Mot. to Lift Stay, *Carr v. Cain*, No. 3:19-CV-274-DMB, at *2 (N.D. Miss. Jan. 23, 2024) (ECF No. 74). The district court declined, noting that *Ronk*'s mandate had not issued.

Order, *Carr v. Cain*, No. 3:19-CV-274-DMB, at \*\*2–3 (N.D. Miss. Mar. 25, 2024) (ECF No. 80).

After *Ronk*'s mandate issued, we stayed proceedings here to allow the State to return to the federal district court and move to lift the federal habeas stay and for other proper relief. En Banc Order, *Carr v. State*, No. 2023-DR-00503, at \*2 (Miss. Jan. 16, 2025). The State did so, and, again, the district court declined. Order Denying Third Mot. to Lift Stay, *Carr v. Cain*, No. 3:19-CV-274-DMB (N.D. Miss. June 16, 2025) (ECF No. 91).

We then vacated our stay and gave Carr time to file the application now before us. En Banc Order, *Carr v. State*, No. 2023-DR-00503-SCT (Miss. Sept. 8, 2025). He asserts two claims:

(1) Newly Discovered Evidence Establishes the Ineffective Assistance of Immediately Prior Counsel in Carr's First Opportunity to Establish His Ineligibility for Capital Punishment Under [*Atkins*].

(2) The Cruel and Unusual Punishments Clause Renders Carr Ineligible for Capital Punishment Under Prevailing Clinical Standards for Intellectual Disability.

After due consideration, we find that the claims are subject to the time and successive-writ bars, *see* Miss. Code Ann. §§ 99-39-5(2)(b), -27(9) (Rev. 2020), and that neither the newly-discovered-evidence exception, *see* Miss. Code Ann. §§ 99-39-5(2)(a)(i), -27(9) (Rev. 2020), nor any other statutory exception to the bars is met. *See Ronk*, 391 So. 3d at 794; *Howell v. State*, 358 So. 3d 613, 615–16 (Miss. 2023). No Mississippi law or Supreme Court precedent addresses the cumulative effect of multiple IQ scores or grants the right to effective post-conviction *Atkins* counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555,

3

107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").

IT IS THEREFORE ORDERED that the State's Motion to Dismiss is granted.

SO ORDERED, this the 12 day of June, 2026.

MICHAEL K. RANDOLPH,
CHIEF JUSTICE
FOR THE COURT


AGREE: RANDOLPH, C.J., COLEMAN, P.J., ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ.

DISAGREE: KING, P.J.

4